UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANIERE WRIGHT,

    Plaintiff,

v.                          CASE NO:  8:11-cv-1665-T-33AEP

EXXELOT CORPORATION, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Janiere Wright's Motion to Remand Plaintiff's Amended Complaint. (Doc. # 18). Defendant Ryla Teleservices, Inc. filed a brief in opposition thereto. (Doc. # 21).

On or about June 27, 2011, Wright commenced this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 11-7982. Count I of the complaint alleged a claim for unpaid wages brought by Wright individually pursuant to Fla. Stat. § 448.08. Count II asserted a collective action based on a cause of action for overtime violations pursuant to 29 U.S.C. § 201, *et seq.* This Fair Labor Standards Act claim in Count II was the basis for Ryla's Notice of Removal filed on July 27, 2011. (Doc. # 1).

Wright made a motion to remand this case based on the original complaint, which argued that Count II was intended to

assert the same claim as in Count I, but on behalf of individuals similarly situated to Wright, under Florida state class action rules. (Doc. # 9). Wright asserted that this inclusion of the FLSA statute was a scrivener's error. (<u>Id.</u>)

The Court found credible Wright's representation that the citation to the FLSA in Count II was a scrivener's error. (Doc. # 15). In its Order, the Court noted that Wright filed a separate action in state court alleging both an individual count and a collective action count pursuant to the FLSA, which was also removed to this Court by Ryla. <u>See</u> <u>Wright v. Exxelot Corp., et al.</u>, 8:11-cv-1666-T-33MAP. The Court, however, agreed with Ryla that this action could not be remanded based on the scrivener's error. The Court held that Wright must first amend her complaint to correct the scrivener's error before the Court could consider a motion to remand to state court. (Doc. # 15). Wright filed her amended complaint on September 2, 2011. (Doc. # 17).

Wright, having amended her complaint to allege only state law claims, now moves to remand the case to state court. Ryla opposes the motion and argues that this Court still has supplemental jurisdiction over the action; independently, diversity jurisdiction exists; and remand would be imprudent and lead to duplicative, inefficient and costly litigation in

2

different forums.

Although amending a complaint to drop all federal claims, in removal cases, does not divest the Court of supplemental jurisdiction, the Court may nevertheless decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c)(3). See Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002); see also Shelley v. City of Headland, No. 1:09-CV-509-WKW, 2009 WL 2171898, at *2 (M.D. Ala. July 21, 2009); Farrell v. G.M.A.C., No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909, at *3 (M.D. Fla. Apr. 15, 2008). "The court may decline to *continue* its exercise of supplemental jurisdiction because 'no basis for federal jurisdiction *presently* exists.'" Shelley, 2009 WL 2171898, at *2 (quoting Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1123 (11th Cir. 2005)). In making this decision, the Court should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001)(citations omitted).

This case was removed to this Court on July 27, 2011. Therefore, this case is still in the early stages of the proceeding. "[W]hen federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims

remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)(state law claims are best resolved by state court especially where federal law claim is dismissed prior to trial). In addition, there is no evidence that Wright has attempted to manipulate the forum, but instead it appears that she only committed a scrivener's error in her complaint. Carnegie-Mellon Univ., 484 U.S. at 357 (a district court can consider whether a plaintiff has engaged in any manipulative tactics in deciding whether to remand a case where the plaintiff dismisses the federal claims that were the basis for federal jurisdiction and moves to remand).

Ryla asserts that the values of judicial economy and convenience would be served by this Court retaining jurisdiction over both cases rather than having two parallel cases proceeding in two different forums. The Court finds merit in this argument, but finds that the other relevant factors outweigh this consideration. The Court is cognizant of the fact that a plaintiff is the master of her claim; she may avoid federal jurisdiction by exclusive reliance on state law. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987). Absent a scrivener's error, Wright's intention was exclusive reliance on state law. As such, the Court would not have otherwise been in a position to even weigh the judicial economy of parallel proceedings it now has before it. "It is well established that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" <u>Stabler v. Transp. Ins. Co.</u>, No. # 06-0237-WS-M, 2006 U.S. Dist. LEXIS 50540, at *22 (S.D. Ala. July 21, 2006)(quoting <u>Ambrosia Coal & Constr. Co. v. Morales</u>, 368 F.3d 1320, 1328 (11th Cir. 2004)).

Ryla next argues it could have pled diversity jurisdiction as the basis for removal of this action from state court, but did not do so because there was federal question jurisdiction at the time of removal. To establish diversity jurisdiction, Ryla points to Wright's class action claim in the amended complaint and argues that under § 1332(d)(2), federal courts have original jurisdiction over any civil case pled as a class action in which (i) the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs; (ii) the putative class includes at least 100 members; and (iii) any member of the putative class is a citizen of a state different from any defendant. <u>See</u> 28 U.S.C. § 1332(d)(2).

Ryla asserts that the amount in controversy in the case at bar exceeds the sum or value of $5,000,000, exclusive of interest and costs. Ryla calculates that Wright is seeking $4,625 in unpaid wages. Ryla then points to the fact that Wright alleges that the putative class "is comprised of hundreds, if not thousands, of customer service department employees." Am. Compl., Doc. # 17 at ¶ 17. Ryla then extrapolates that by multiplying Wright's alleged unpaid wages times a thousand class members, the unpaid wages for the class reaches at least $4,625,000. Ryla goes on to double the amount in light of a request for liquidated damages and notes a request for attorneys' fees that should be considered. This computation of the amount in controversy, however, involves impermissible speculation. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007), cert. denied, 553 U.S. 1080 (2008). Wright's allegation is that the putative class is comprised of "hundreds" of customer service department employees. "Hundreds" could range anywhere from 200 to 900 employees. Wright's inclusion of "if not thousands" is mere speculation. The Court finds that Ryla's computation is not a reasonable extrapolation upon which the Court can deduce the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753-54 (11th Cir. 2010). "If the

6

jurisdictional amount is neither stated clearly on the face of the documents before the court, nor readily deducible from them, the district court lacks jurisdiction and must remand to state court." Rae v. Perry, 392 Fed. Appx. 753, 755 (11th Cir. 2010)(citing Lowery, 483 F.3d at 1210-11, 1219).

If diversity jurisdiction was the basis upon which Ryla removed the action from state court in the first instance, the Court would have found that Ryla had not proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Lowery, 483 F.3d at 1214-15.

Having found that no basis for federal jurisdiction presently exists and taking into consideration concerns of comity, judicial economy, convenience and fairness, this Court, in its discretion, declines to exercise supplemental jurisdiction over these state court claims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Remand Plaintiff's Amended

7

Complaint (Doc. # 18) is **GRANTED**.

(2) The Clerk is directed to remand this matter to the state court and then close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of October, 2011.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record